UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MCDANIELS,<br>   Plaintiff,<br><br>vs.<br><br>JAKE ZIMMER, et. al.,<br>   Defendants | Case No. 21-3154 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated during an arrest and subsequent incarceration at the Macoupin County Jail. Plaintiff has identified 11 Defendants including Deputies Jake Zimmer, Todd Paige, and Mathew Marburger; Staunton Police Officer Shawn Throne; Sheriff Shawn Kahl; Jail Administrator Evan Ibberson; Correctional Officer Tommy Ruyle; Advanced Health Care; Nurse Jane Doe; Dr. John Doe #1; and Advanced Health Care Director John Doe #2.

Defendants Paige, Zimmer, Marburger, and Throne arrested Plaintiff on July 18, 2019 based on warrants for possession of methamphetamine and driving on a suspended license. Plaintiff says he did not resist arrest, nor did he threaten the officers. Nonetheless, the officers choked, punched, kicked, and tased Plaintiff several times in the head, face, neck, hand, and back. Plaintiff was taken by ambulance to the Staunton Community Hospital where he was treated for several cuts, a fractured finger, and a broken nose.

Sheriff Kahl came to the hospital where he was informed of Plaintiff's injuries and Plaintiff's allegation of excessive force. Plaintiff maintains the Sheriff has received a variety of similar complaints concerning Defendants Marburger, Paige, and Zimmer, but Defendant Kahl took no action despite the pattern of "excessive force against arrestees." (Comp., p. 3).

Plaintiff has adequately alleged Defendants Zimmer, Paige, Marburger, and Throne used excessive force or failed to intervene to stop the use of excessive force on July 18, 2019. Since Plaintiff alleges the incident occurred during his arrest, his excessive force claim is pursuant to the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). Plaintiff further alleges the four Defendants committed the state law tort of assault and battery.

However, Plaintiff has failed to articulate a claim against Defendant Kahl based on any direct involvement in the alleged assault. To hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3

(7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A Defendant is not liable simply because he is a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff does not allege Defendant Kahl was involved in his arrest. Therefore, Defendant Kahl cannot be sued in his individual capacity for the use of excessive force. Plaintiff has also failed to state a state law claim of assault and battery against the Defendant.

However, it is possible Plaintiff intended to an allege an official capacity claim against the Sheriff which is in effect a claim against the municipality. *See Minix v. Canarecci,* 597 F.3d 824, 830 (7th Cir. 2010). "To establish municipal liability under § 1983 ... [P]laintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom, or practice." *Waters v. City of Chicago,* 580 F.3d 575, 580 (7th Cir. 2009), *citing Monell v. New York City Dep't Soc. Servs.,* 436 U.S. 658, 694 (1978). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton,* 604 F.3d 464, 467–68 (7th Cir. 2007)(internal citation omitted). Plaintiff has adequately alleged the assault was the result of a general pattern of repeated behavior. Therefore, he may proceed with his official capacity claim against Defendant Kahl.

Plaintiff next claims the emergency room doctor provided Defendant Sheriff Kahl with instructions for needed medications and follow-up care for Plaintiff's broken nose, fractured hand, and lacerations.  When Plaintiff was then transferred to the jail, he informed Defendant Officer Ruyle he was in severe pain and needed pain medication and other prescribed treatment.  The Defendant told Plaintiff he would have to wait until the next day.

Two days later, Plaintiff submitted another request for medical care noting he had not received pain medication or antibiotics for over 48 hours.  Nonetheless, Plaintiff did not see any medical staff until he met with Nurse Jane Doe on July 22, 2019. Plaintiff claims Defendants Jail Administrator Ibberson, Nurse Jane Doe, Dr. John Doe, John Doe #2, and Advanced Healthcare were aware of Plaintiff's injuries, but still delayed medical care.

Finally, on July 24, 2019, Plaintiff was transported to Carlinville Area Hospital for his hand injury.  The examining doctor told the transporting officer Plaintiff needed to be transferred to Memorial Medical Center in Springfield, Illinois for emergency surgery.  This information was provided to Jail Administrator Ibberson, but the surgery was delayed until July 26, 2019.

Ultimately, the surgeon recommended amputation of Plaintiff's finger due to the delay in providing care.  Plaintiff refused and asked the surgeon to attempt to repair the injury.  Plaintiff "suffered a PIP joint fusion, specimens of the fourth finger were removed with a bone saw, two pins were inserted, and Plaintiff has permanent loss of function to the fourth finger of the dominant right hand." (Comp., p. 4).

Plaintiff has adequately alleged Defendants Kahl, Ibberson, Ruyle, and Nurse Jane Doe violated his constitutional rights when they either denied or delayed medical care for his serious medical condition. Since it appears Plaintiff was a pretrial detainee, his claim is pursuant to the Fourteenth Amendment.

While Plaintiff does not clearly state he met with the Jail Doctor, Defendant John Doe, the doctor would be responsible for approving treatment. For the purposes of notice pleading, Plaintiff may proceed with his claim against the doctor.

However, Plaintiff has not articulated any direct involvement by Defendant Advanced Healthcare Director John Doe #2. In addition, an inmate alleging a corporate entity such as Advanced Healthcare violated his constitutional rights, "must show that the corporation supports a 'policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Brown v Ghosh*, 2010 WL 3893939 at 8 (N.D. Ill. Sept. 28, 2010) *quoting Woodward v Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has failed to articulate a claim against Advanced Healthcare.

Finally, Plaintiff claims the Defendants failure to provide medical care violates the state law tort of negligence. It appears Plaintiff is alleging the state law tort of medical malpractice. Plaintiff may proceed with this claim at this stage of the proceedings, but he has only clearly articulated a potential claim against Nurse Jane Doe and Dr. John Doe.

Plaintiff is admonished he MUST comply with the requirements of the Illinois Healing Arts Malpractice statute by the summary judgment deadline if he wishes to

pursue this claim. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. Nov. 4, 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement). This statute requires Plaintiff to provide the Court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). If Plaintiff fails to meet this requirement, his medical malpractice claim will be dismissed.

Finally, Plaintiff has filed a Motion for Appointment of Counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has demonstrated at least some attempt to find counsel on his own.

Plaintiff says he needs an attorney to assist him in filing documents due to his finger injury. Plaintiff says another inmate typed his complaint, but that inmate may not be available in the future.

Nonetheless, Plaintiff's complaint very clearly set for the basis for his claims. In fact, it was for more on point than many complaints filed by *pro se* Plaintiffs. In addition, the claims of excessive force and failure to intervene are not complex. As for Plaintiff's medical claim, his claim spans a very brief period of time and he will be able to obtain medical records verifying his injuries. Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

The Court will also enter a scheduling order in this case after Defendants have been served and filed an answer which will provide information to assist a *pro se* litigant, and requires the exchange of initial, relevant discovery. Plaintiff appears competent to litigate his claims.

Plaintiff is reminded he may request extensions of time to the extent he needs additional time to file any document. If Plaintiff is truly disabled, he may also seek help at his institution. The motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges:

a) Defendants Zimmer, Paige, Marburger, and Throne used excessive force or failed to intervene to stop the use of excessive force on July 18, 2019;
b) Defendants Zimmer, Paige, Marburger, and Throne committed the state law tort of assault and battery on July 18, 2019;

c) an official capacity claim against Defendant Kahl based on a pattern of excessive force against arrestees;

d) Defendants Kahl, Ibberson, Ruyle, Nurse Jane Doe, and Dr. John Doe violated Plaintiff's constitutional rights when they each either denied or delayed medical care for Plaintiff's serious medical condition;

e) A state law medical malpractice claim against Defendant Nurse Jane Doe and Dr. John Doe. Plaintiff may only proceed with this final claim if he complies with the requirements of the Illinois Healing Arts Malpractice statute by the summary judgment deadline. *See* 735 ILCS 5/2-622.

Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall

provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Advanced Healthcare and John Doe #2 for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 15th day of November, 2021.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE